# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Subpoena Served on Apex Fund Services<br><br>CAMSHAFT CAPITAL FUND, LP;<br>CAMSHAFT CAPITAL ADVISORS, LLC;<br>and CAMSHAFT CAPITAL MANAGEMENT, LLC,<br><br>      Applicants/Defendants,<br><br>    v.<br><br>BYJU'S ALPHA, INC.,<br><br>      Respondent/Plaintiff. | Case No: 1:24-mc-171<br><br>(Arising from Case Nos. 24-10140 (JTD) and 24-50013 (JTD) in the United States Bankruptcy Court For the District of Delaware) |

## CAMSHAFT'S MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO QUASH BYJU'S ALPHA, INC.'S NON-PARTY SUBPOENA

**HOGAN LOVELLS US LLP**
Pieter Van Tol
Elizabeth Carter
Arthur Herskowitz
390 Madison Avenue
New York, NY 10017
Phone: (212) 909-0661
pieter.vantol@hoganlovells.com
elizabeth.carter@hoganlovells.com
arthur.herskowitz@hoganlovells.com

*Attorneys for Camshaft Capital Fund, LP; Camshaft Capital Advisors, LLC; and Camshaft Capital Management, LLC*

# TABLE OF CONTENTS

Page(s)

TABLE OF AUTHORITIES ................................................................................................ ii

BACKGROUND ............................................................................................................... 2

    I.      Proceedings in Delaware Bankruptcy Court .......................................................... 2

          A.      Motion to Dismiss Adversary Proceeding ................................................. 2

          B.      Motion to Dismiss the Chapter 11 Case .................................................... 3

    II.     Apex's Recent Termination of Camshaft Relationship .......................................... 4

    III.    Overbroad Requests in Subpoena Calling for Confidential Information ................ 4

    IV.    Camshaft's Communications with Apex Regarding Subpoena ............................. 5

JURISDICTION ................................................................................................................ 5

ARGUMENT ..................................................................................................................... 5

    I.      Camshaft Has Standing to Move to Quash the Subpoena ..................................... 5

    II.     The Subpoena Should Be Quashed ......................................................................... 7

          A.      The Subpoena Seeks Sensitive and Confidential Information, the Production of Which Would Immediately and Irreparably Harm Camshaft and Others .......................................................................... 7

          B.      The Subpoena Is Overbroad and Calls for the Production of Documents Unrelated to the Claims or Defenses in the Adversary Proceeding ............ 7

          C.      The Subpoena Is Inappropriate in Light of the Dispositive Motions in the Adversary Proceeding and Chapter 11 Case ..................................... 8

CONCLUSION .................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arias-Zeballos v. Tan*,
   No. 06 Civ. 1268 KNF, 2007 WL 210112 (S.D.N.Y. Jan. 25, 2007) ................................. 6, 7, 8

*In re Flag Telecom Holdings, Ltd. Securities Litigation*,
   No. 02 Civ. ...................................................................................................................... 8

*McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*,
   No. 1:13–mc–27, 2013 WL 4520671 (N.D.N.Y. Aug. 26, 2013) ............................................ 8

*Reserve Solutions, Inc. v. Vernaglia*,
   No. 05 Civ. 8622 VM RLE, 2006 WL 1788299 (S.D.N.Y. June 26, 2006) ..................... 6, 7, 8

*Silverstone Holding Group, LLC v. Zhongtie Dacheng (Zhuhai) Investment Mgmt.
   Co., Ltd.*,
   650 F. Supp. 3d 199 (S.D.N.Y. 2023) ...................................................................................... 6

*Solow v. Conseco, Inc.*,
   No. 06 Civ. 5988 (BSJ) (THK), 2008 WL 190340 (S.D.N.Y. Jan. 18, 2008) .......................... 6

*Trump v. Hyatt Corp.*,
   No. 93 Civ.. 5242 (CSH), 1994 WL 168021 (S.D.N.Y. Apr. 29, 1994),
   *abrogated on other grounds, Hertz Corp. v. Friend*, 559 U.S. 77 (2010) ............................... 6

**Other Authorities**

Fed. R. Civ. P. 45(d)(3)(B)(i) ............................................................................................... 5, 7

Applicants/Defendants Camshaft Capital Fund, LLP ("Camshaft Fund"), Camshaft Capital Advisors, LLC ("Camshaft Advisors"), and Camshaft Capital Management, LLC ("Camshaft Management") (collectively, "Camshaft") respectfully submit this memorandum of law, along with the Declaration of Pieter Van Tol dated April 5, 2024 (the "Van Tol Declaration"), in support of Camshaft's motion to quash (the "Motion") a subpoena (the "Subpoena") served by Respondent-Plaintiff BYJU's Alpha, Inc. ("Plaintiff") in connection with an adversary proceeding pending in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court") captioned *BYJU's Alpha, Inc. v. Camshaft Capital Fund, LP et al.*, Adv. Pro. Case No. 24-50013 (JTD) (the "Adversary Proceeding").[1]

The Subpoena, which is included in the documents attached to the Van Tol Declaration as **Exhibit A**, demands the production of documents by the New York, New York office of Apex Fund Services (Indiana), Inc. at the New York, New York office of Plaintiff's counsel. Plaintiff issued two other subpoenas to the same Apex entity at the same time as the Subpoena. (*See id.*) Those subpoenas call for compliance in Indiana (*see id.*), and Camshaft will be filing a separate motion to quash the Indiana subpoenas.

The Court should quash the Subpoena because (1) it improperly seeks documents that are confidential and contain commercially sensitive information, including proprietary trade secrets; and (2) it is substantially overbroad and requests the production of documents that are irrelevant to the issues being litigated in the Adversary Proceedings. As discussed below, the claims in the Adversary Proceeding against Camshaft are narrow, and they focus on the transfer of $533 million (the "Alpha Funds") from Plaintiff to Camshaft Fund. The Subpoena, however, intrusively seeks private information about Camshaft's operations and clients that have nothing to do with the Alpha

---

[1] Citations below to the "DE Adv. Pro. Dkt." are to the docket in the Adversary Proceeding, while citations to the "Ch. 11 Dkt." are the docket in the related chapter 11 case.

Funds. Moreover, Camshaft has challenged the merits of Plaintiff's claims in the Adversary Proceeding through a motion to dismiss that will be renewed or heard shortly. In addition, Camshaft has moved to dismiss the underlying case relating to the Adversary Proceeding as an improper chapter 11 filing. The granting of either motion, both of which have strong grounds, would dispose of the Adversary Proceeding and thereby moot the Subpoena. The Subpoena, therefore, is also premature and should be quashed for that reason as well.

## BACKGROUND

### I. Proceedings in Delaware Bankruptcy Court

On February 2, 2024, Plaintiff filed a petition for bankruptcy under chapter 11 in the Delaware Bankruptcy Court (Case No. 24-10140) (the "Chapter 11 Case") and, that same day, commenced the Adversary Proceeding by filing a complaint (the "Complaint"). (*See* DE Adv. Pro. Dkt. No. 1.) The Chapter 11 Case and Adversary Proceeding arise out of a $1.2 billion loan under a credit agreement (the "Credit Agreement"), from which predecessor management of Plaintiff transferred the Alpha Funds to the Camshaft Fund for investment. The dispute over this transfer of the Alpha Funds was the subject of a state court action in Florida until, on the eve of a critical hearing in that case and in order to avoid an adverse ruling from the Florida court, Plaintiff filed the Chapter 11 case in the Delaware Bankruptcy Court.

#### A. Motion to Dismiss Adversary Proceeding

The Complaint asserted three causes of action against Camshaft: (1) a claim that the Camshaft Fund was the initial transferee of actual or constructive fraudulent transfers as a result of the transfer of the Alpha Funds from Plaintiff to the Camshaft Fund (Counts I and II); and (2) a claim that Camshaft Advisors and Camshaft Management was the initial transfer of a constructive fraudulent transfer as a result of the payment of investment services fees by Plaintiff to Camshaft Advisors and Camshaft Management (Count III). (*See id.*)

Camshaft moved to dismiss the claims in the Complaint on several grounds, and Plaintiff filed an Amended Complaint on February 29, 2024 (the "Amended Complaint"). (A copy of the Amended Complaint, without exhibits, is annexed to the Van Tol Declaration as **Exhibit B**.) In the Amended Complaint, Plaintiff (1) repeated Counts I through II for actual and constructive fraudulent transfers against Camshaft Fund, but added two defendants to those counts (Riju Ravindran and Inspilearn, LLC) (*see id.*, ¶¶ 132-50); (2) repeated Count III against Camshaft Advisors and Camshaft Management for constructive fraudulent transfer (*see id.*, ¶¶ 151-55); (3) added Count IV against Mr. Ravindran for breach of fiduciary duty (*see id.*, ¶¶ 156-65); and (4) added Count V against all defendants for an alleged violation of the automatic stay (*see id.*, ¶¶ 166-75).

Camshaft's motion to dismiss the Adversary Proceeding is currently being held in abeyance because Plaintiff has stated that it will seek leave to amend the Amended Complaint. (*See* DE Adv. Pro. No. 92.) Camshaft will oppose any such motion and its opposition will be determined under the same standard as a motion to dismiss. If Plaintiff does not move to amend, Camshaft's motion to dismiss will be reactivated and the briefing completed. (*See id.*)

### B. Motion to Dismiss the Chapter 11 Case

Although the Subpoena was issued out of the Adversary Proceeding, the Chapter 11 Case is relevant here because Camshaft has also moved to dismiss the main case on the grounds that the bankruptcy filing was not a proper use of chapter 11. (*See* Ch. 11 Dkt. No. 107.) If the Chapter 11 Case is dismissed, the related Adversary Proceeding will also be dismissed. Camshaft's motion to dismiss the Chapter 11 Case is currently being briefed and will not be decided until after May 2024.

3

**II.     Apex's Recent Termination of Camshaft Relationship**

On March 7, 2024, Apex informed Camshaft that it would no longer act as the fund administrator for the Camshaft Fund. On April 1, 2024, Apex exceeded its authority under the agreement with Camshaft by emailing the over forty limited partners of the Camshaft Fund regarding the termination, which was an interference with the relationship between Camshaft and its investors. (*See, e.g.*, **Exhibit C** hereto.) This was done without any prior notice to Camshaft and just over one business day after Plaintiff's settlement offer. Further, the language "Camshaft Termination Notice" as a subject in the email is unnecessary and the termination was intended to create confusion among limited partners and create harm to Camshaft. Camshaft has strong reason to believe that Apex's termination may have been influenced by third parties with an interest in Plaintiff or the Credit Agreement, including purported defaults and exercising resulting remedies.

**III.    Overbroad Requests in Subpoena Calling for Confidential Information**

The Subpoena includes multiple document requests that bear no relationship to the claims against Camshaft in the Adversary Proceeding and its defenses. The documents sought are also confidential and contain commercially sensitive information, including proprietary trade secrets. For example, Request Nos. 1-4 and 12-13 seek information regarding the Camshaft-Apex relationship broadly, Camshaft's other investors, and Camshaft's internal financial records. Such highly confidential information has no nexus to the Adversary Proceeding. Similarly, Request Nos. 5-6 seeks all documents and communications with various parties involved in the Adversary Proceeding without limiting them to the claims or defenses that are at issue. Request Nos. 7 through 10 go well beyond the initial transfer of the Alpha Funds, which is the sole claim that Plaintiff has against Camshaft. Finally, Request No. 11 seeks documents regarding the termination of the Camshaft-Apex relationship, which, once again, is not related to any claim or defense in the Adversary Proceeding. In short, it is evident that Plaintiff issued the Subpoena to harass and

intimidate Camshaft through a third-party fishing expedition aimed at commercially sensitive information.

IV. **Camshaft's Communications with Apex Regarding Subpoena**

Following the receipt of Plaintiff's notice of the Subpoena, counsel for Camshaft wrote to Apex Group Ltd. on April 4, 2024 to alert Apex to the Subpoena and remind Apex of its obligation under an agreement with Camshaft to maintain the confidentiality of Camshaft's information (which continues post-termination). (*See* **Exhibit D** to Van Tol Declaration.) Camshaft noted, among other things, that the production of documents in response to the Subpoena could result in a breach of the confidentiality obligations and resulting damages. As of the time of this filing, we have not received a response from Apex.

## JURISDICTION

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(a), the court for the district where the subpoena requires compliance to be made—here, New York—has jurisdiction to decide motions to quash that subpoena.

## ARGUMENT

I. **Camshaft Has Standing to Move to Quash the Subpoena**

Plaintiff issued the Subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure, which applies to the Adversary Proceeding through Rule 9016 of the Federal Rules of Bankruptcy Procedure. Rule 45 provides, in relevant part: "To protect a person subject to *or affected* by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information[.]" Fed. R. Civ. P. 45(d)(3)(B)(i) (emphasis added).

Accordingly, parties have standing to object to subpoenas directed to non-parties where those demands call for the production of documents subject to privilege or other rights, such as

sensitive financial information, or seek irrelevant subject matter. *See*, *e.g.*, *Arias-Zeballos v. Tan*, No. 06 Civ. 1268 (GEL) KNF, 2007 WL 210112, at *1-2 (S.D.N.Y. Jan. 25, 2007) (granting defendant's motion to quash non-party subpoena calling for the production of private financial information and information not relevant to the claims in the action); *Reserve Solutions, Inc. v. Vernaglia*, No. 05 Civ. 8622 VM RLE, 2006 WL 1788299, at *1 (S.D.N.Y. June 26, 2006) (granting defendant's motion to quash subpoena calling for information that was private, confidential, and overbroad); *see also Trump v. Hyatt Corp.*, No. 93 Civ.. 5242 (CSH), 1994 WL 168021, at *1 (S.D.N.Y. Apr. 29, 1994) (noting that defendant corporation had "personal privacy rights in the banking and financial records sought to be discovered by plaintiff's massive sweep" in a non-party subpoena), *abrogated on other grounds, Hertz Corp. v. Friend*, 559 U.S. 77 (2010). Indeed, even non-parties may move to quash subpoenas issued on other non-parties where those subpoenas demand the production of information subject to a privacy interest. *See*, *e.g.*, *Silverstone Holding Group, LLC v. Zhongtie Dacheng (Zhuhai) Investment Mgmt. Co., Ltd.*, 650 F. Supp. 3d 199, 203-204 (S.D.N.Y. 2023) (granting non-party banking entity's motion to quash subpoena served by party on a different non-party banking entity, where that subpoena called for documents concerning financial affairs); *Solow v. Conseco, Inc.*, No. 06 Civ. 5988 (BSJ) (THK), 2008 WL 190340, at *3 (S.D.N.Y. Jan. 18, 2008) (granting non-party motion to quash subpoena on another non-party, and noting that, under Rule 45, "a party with a real interest in the documents has standing to raise objections to their production").

As explained below, the Subpoena improperly seeks the production of, *inter alia*, (a) sensitive financial data subject to duties of confidentiality not only between Camshaft and Apex, but Camshaft and others; and (b) information that is irrelevant to the claims and defenses asserted in the Adversary Proceeding. Moreover, the immediate and irreparable harm to Camshaft

stemming from the production of the aforementioned sensitive and confidential information vastly outweighs any benefits gained by enforcing the Subpoena, especially when considered in light of Camshaft's dispositive motions in the Adversary Proceeding and the Chapter 11 Case.

## II. The Subpoena Should Be Quashed

### A. The Subpoena Seeks Sensitive and Confidential Information, the Production of Which Would Immediately and Irreparably Harm Camshaft and Others

The plain language of Rule 45(d)(3)(B)(i) provides that a motion to quash is appropriate to prevent disclosure of "a trade secret or other confidential research, development, or commercial information." Accordingly, courts may quash subpoenas that call for the production of sensitive information or documents subject to duties of confidentiality. *See*, *e.g.*, *Arias-Zeballos,* 2007 WL 210112, at *1-2 (granting party motion to quash non-party subpoena for private financial information); *Reserve Solutions, Inc.*, 2006 WL 1788299, at *1 (granting party motion to quash non-party subpoena calling for information that was private and confidential).

As noted above, the relationship between Camshaft and Apex is subject to contractual duties of confidentiality. Moreover, much of the information properly shared by Camshaft with Apex pursuant to that confidentiality provision is itself subject to duties of confidentiality between Camshaft and third-party entities/individuals. Thus, the production of such information by Apex not only would breach its duties of confidentiality to Camshaft, but also could subject Camshaft to liability for its confidentiality obligations to others.

These are precisely the adverse consequences contemplated by Rule 45, and an order to quash is warranted—and necessary—to protect the interests of Camshaft and others.

### B. The Subpoena Is Overbroad and Calls for the Production of Documents Unrelated to the Claims or Defenses in the Adversary Proceeding

As demonstrated above, the requests in the Subpoena seek irrelevant information that is not related to the claims against Camshaft and its defenses in the Adversary Proceeding. Where,

as here, a subpoena calls for the production of "matter [ ] not relevant to the claims [a party] has made in this action, subpoenas issued on behalf of the plaintiff seeking information concerning [irrelevant subject matter] are inappropriate." *See Arias-Zeballos*, 2007 WL 210112, at *2 (granting party motion to quash non-party subpoena for irrelevant financial information); *see also In re Flag Telecom Holdings, Ltd. Securities Litigation*, No. 02 Civ. 3400 WCC, 2006 WL 2642192, at *2 (S.D.N.Y. Sept. 13, 2006) (granting party motion to quash non-party subpoena seeking documents "not likely to lead to the discovery of relevant evidence"); *Reserve Solutions, Inc*, 2006 WL 1788299, at *1-2 (granting party motion to quash non-party subpoena calling for information that unrelated to the claims in the litigation).

The Court should not abide this blatant overreach, and should quash the subpoena.

**C.     The Subpoena Is Inappropriate in Light of the Dispositive Motions in the Adversary Proceeding and Chapter 11 Case**

Courts have quashed non-party subpoenas where the resolutions of pending motions to dismiss would render them moot. *See*, *e.g.*, *McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*, No. 1:13–mc–27 (GLS/CFH), 2013 WL 4520671, at *5 (N.D.N.Y. Aug. 26, 2013) (granting motion to quash non-party subpoena and adopting magistrate recommendation stating that "this Court should wait for the resolution of the pending motions in the [underlying action] for if the motions to dismiss were to be granted, the subpoenas will be moot."). Here, Camshaft has a pending motion to dismiss the Chapter 11 Case, which, if granted, would result in the dismissal of the Adversary Proceeding. Camshaft will also be renewing its motion to dismiss the Adversary Proceeding after Plaintiff seeks leave to file a second amended complaint (or the motion will be reactivated if Plaintiff does not seek to amend). Under the circumstances, it would appropriate to wait for a resolution of those motions before allowing the discovery against Apex sought in the Subpoena.

## **CONCLUSION**

For the reasons discussed above, Camshaft respectfully requests that the Court quash the Subpoena.

Dated: April 5, 2024
New York, New York

Respectfully submitted,

*/s/ Pieter Van Tol*
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Phone: (212) 909-0661
Fax: (212) 918-3100
Pieter Van Tol
Elizabeth Carter
Arthur Herskowitz
pieter.vantol@hoganlovells.com
elizabeth.carter@hoganlovells.com
arthur.herskowitz@hoganlovells.com

*Attorneys for Camshaft*