UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: Subpoena Served on Apex Fund Services<br><br>CAMSHAFT CAPITAL FUND, LP;<br>CAMSHAFT CAPITAL ADVISORS, LLC;<br>and CAMSHAFT CAPITAL MANAGEMENT, LLC,<br><br>        Applicants/Defendants,<br><br>    v.<br><br>BYJU'S ALPHA, INC.,<br><br>        Respondent/Plaintiff. | Case No: 1-24-mc-00171-ALC<br>(Arising from Case Nos. 24-10140 (JTD) and 24-50013 (JTD) in the United States Bankruptcy Court For the District of Delaware) |

**CAMSHAFT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO QUASH BYJU'S ALPHA, INC.'S NON-PARTY SUBPOENA**

 

**HOGAN LOVELLS US LLP**
Pieter Van Tol
Elizabeth Carter
Arthur Herskowitz
390 Madison Avenue
New York, NY 10017
Phone: (212) 909-0661
pieter.vantol@hoganlovells.com
elizabeth.carter@hoganlovells.com
arthur.herskowitz@hoganlovells.com

*Attorneys for Camshaft Capital Fund, LP; Camshaft Capital Advisors, LLC; and Camshaft Capital Management, LLC*

\\4152-3896-4047  v4

## **TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.  The Court Should Quash the Subpoena in Light of the Dispositive Motions in the Delaware Bankruptcy Court ................................................................................................ 2

II. The Subpoena Seeks Documents That Are Not Relevant to the Parties' Claims or Defenses in the Adversary Proceeding ............................................................................... 4

III. The Documents Sought in the Subpoena Are Facially Confidential ................................. 8

CONCLUSION ............................................................................................................................. 10

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Arias-Zeballos v. Tan*,
  2007 WL 210112 (S.D.N.Y. Jan. 25, 2007) ............................................................................... 8

*In re Accent Delight Int'l Ltd.*,
  791 Fed. App'x 247 (2d Cir. 2019) ........................................................................................... 9

*In re Currency Conversion Fee Antitrust Litig.*,
  2004 WL 848171 (S.D.N.Y. Apr. 21, 2004) ............................................................................ 10

*Malibu Media, LLC v. Doe*,
  2016 WL 4574677 (E.D.N.Y. Sept. 1, 2016) ............................................................................ 3

*McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*,
  2013 WL 4520671 (N.D.N.Y. Aug. 26, 2013) .......................................................................... 2

*Medina v. City of New York*,
  2020 WL 3050971 (S.D.N.Y. June 8, 2020) ............................................................................. 3

*Oasis Med., Inc. v. I-Med Pharma USA Inc.*,
  2023 WL 6301728 (S.D.N.Y. Sept. 1, 2023) ......................................................................... 9-10

*Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*,
  2014 WL 5420225 (S.D.N.Y. Oct. 24, 2014) ............................................................................ 8

*Reserve Solutions, Inc. v. Vernaglia*,
  2006 WL 1788299 (S.D.N.Y. June 26, 2006) .................................................................. 5, 8, 9

*Silverstone Holding Grp. v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*,
  650 F. Supp. 3d 199 (S.D.N.Y. Jan. 12, 2023) ...................................................................... 4, 8

*Solow v. Conseco, Inc.*,
  2008 WL 190340 (S.D.N.Y. Jan. 18, 2008) ........................................................................... 8, 9

*Strike 3 Holdings, LLC v. Doe*,
  2023 WL 2775964 (S.D.N.Y. Apr. 4, 2023) .............................................................................. 3

*Trump v. Hyatt Corp.*,
  1994 WL 168021 (S.D.N.Y. Apr. 29, 1994*), abrogated on other grounds*, *Hertz Corp. v. Friend*, 599 U.S. 77 (2016) ............................................................................................................ 8

*Zou v. Han*,
  2024 WL 707285 (E.D.N.Y. Feb. 21, 2024) .............................................................................. 2

**Statutes**

28 U.S.C. § 1782 ................................................................................................................................ 9

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................ 2, 5, 7

\\4152-3896-4047  v4

**Statutes**

28 U.S.C. § 1782 ................................................................................................................................ 9

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................................ 2, 5, 7

\\4152-3896-4047  v4

Camshaft respectfully submits this memorandum of law, along with the reply declaration of Pieter Van Tol dated April 19, 2024 (the "Van Tol Reply Decl."), in further support of the Motion and in response to the opposition ("Opposition") submitted by Plaintiff.[1]

### **PRELIMINARY STATEMENT**

Plaintiff devotes much of the Opposition to arguing the merits of its claims against Camshaft through a one-sided recitation of the facts. Plaintiff's claims, however, are currently being vigorously contested in the Delaware Bankruptcy Court. Camshaft has set forth several meritorious defenses in a pending motion to dismiss the Chapter 11 case and a motion to dismiss the Adversary Proceeding that will be renewed shortly. Under the circumstances, the Court should defer to the Delaware Bankruptcy Court and let those motions play out, rather than allowing Plaintiff to serve the intrusive and overbroad discovery requests in the Subpoena.

The Court should also grant the Motion for two other reasons. *First*, the requests do not meet the applicable standard for relevance, which requires the propounding party to show that the discovery relates to a claim or defense in the pertinent action. The Opposition relies on the former, broader relevance standard, and Plaintiff does not link the requests in the Subpoena to the claims or defenses in the Adversary Proceeding. The application of the proper standard for relevance shows that the Requests should be quashed as overbroad and irrelevant.

*Second*, the requests in the Subpoena seek documents that contain highly confidential, commercially-sensitive and proprietary information, including documents that relate to the

---

[1] Any capitalized terms that are not defined below will have the same meaning as in the Motion. The term "Van Tol Decl." refers to the Declaration of Pieter Van Tol dated April 5, 2024. The exhibits referenced below continue the lettering from the Van Tol Declaration and begin with Exhibit E.

\\4152-3896-4047 v4

financial and personal affairs of Camshaft and its limited partners. Such requests reveal Plaintiff's intent with the Subpoena: to impugn Camshaft and its limited partners' reputation, to obtain a commercial edge under the guise of legal process, and to continue the attempt to circumvent prior rulings on discovery in non-bankruptcy actions (as well as the appellate process in Delaware).

Under the circumstances, the Court should grant the Motion and quash the Subpoena.

## ARGUMENT

I. **The Court Should Quash the Subpoena in Light of the Dispositive Motions in the Delaware Bankruptcy Court**

Plaintiff's arguments regarding the dispositive motions are unavailing and, if anything, Plaintiff's discussion of the merits of its claims simply underscore Camshaft's point that the Court show await further developments in the Delaware Bankruptcy Court.

*First*, Plaintiff fails to distinguish the on-point case cited by Camshaft, *McNamee, Lochner, Titus & Williams, P.C. v. Mayorga*, 2013 WL 4520671, at *5 (N.D.N.Y. Aug. 26, 2013). Plaintiff argues that *McNamee* does not apply here because the court in that case also found that the subject requests did not meet the relevance standard under Fed. R. Civ. P. 26(b)(1). (Opp'n, 16 n.8.) In this case, however, Camshaft is likewise arguing that the requests are irrelevant, in addition to requesting that the Court defer to the Delaware Bankruptcy Court. Plaintiff further notes that the *McNamee* court entered a protective order based on a finding of "good cause" (*id.*), but that ruling was separate from the order quashing the subpoena and it does not undermine the *McNamee* court's additional conclusion that it was prudent to hold off on subpoenas pending the resolution of motions in another matter. Thus, *McNamee* applies to this case with full force.

*Second*, the cases cited by Plaintiff involve different circumstances. (*See* Opp'n, 15-16.) In those cases, the courts held that a denial of liability <u>in the cases before them</u> is not a proper basis for quashing a subpoena. *See Zou v. Han*, 2024 WL 707285, at *4-6 (E.D.N.Y. Feb. 21, 2024);

*Strike 3 Holdings, LLC v. Doe*, 2023 WL 2775964, at *2 (S.D.N.Y. Apr. 4, 2023); *Malibu Media, LLC v. Doe*, 2016 WL 4574677, at *6 (E.D.N.Y. Sept. 1, 2016).  Here, by contrast, Camshaft is asking the Court to defer to the determination of the issues in another court.[2]

*Third*, Plaintiff improperly (and incorrectly) challenges the grounds for Camshaft's motion to dismiss the Chapter 11 case, and mischaracterizes the state of play in the Adversary Proceeding. (*See* Opp'n, 16-17.)  The motion sets forth numerous, well-supported grounds for dismissal (*see* Van Tol Reply Decl., **Exhibit E**), and the standing issue raised by Plaintiff is for the Delaware Bankruptcy Court to decide.  Plaintiff also refers to an earlier ruling by the Delaware Bankruptcy Court on expedited discovery, but that order related to document requests that are far narrower than the ones in the Subpoena.  (*See* Opp'n, 16-17.)  Finally, Plaintiff cites to the Answer by co-Defendants to the current Amended Complaint, arguing that its "claims will proceed regardless of Movants' motion to dismiss the Adversary Proceeding." (*Id.*, 17.)  Plaintiff, however, is in the process of amending its pleading once again, and the dismissal of the further amended complaint in response to Camshaft's forthcoming motion to dismiss would moot the Subpoena.

The strength of Camshaft's defenses in the Adversary Proceeding provides additional cause for the Court to defer.  Camshaft filed a motion to dismiss the Amended Complaint in the Adversary Proceeding on March 13, 2024 (which will be renewed shortly).  (*See id.*, **Exhibit F**.) Since that time, Camshaft has further developed and refined its arguments on the merits, all of which demonstrate that the Adversary Proceeding should be dismissed as a matter of law.

---

[2]   Plaintiff also cites *Medina v. City of New York*, 2020 WL 3050971 (S.D.N.Y. June 8, 2020), but that case is inapplicable because it stands for the proposition that discovery should not be routinely stayed when a motion to dismiss has been filed.  (Opp'n, 16.)  Camshaft is not seeking a general stay of discovery.

Camshaft's recent motion for a stay filed with the Delaware District Court summarizes those updated arguments. (*See id.*, **Exhibit G**.) Among other things, Camshaft has shown that:

- Plaintiff's actual fraudulent transfer claim in the Amended Complaint is completely undermined by the admission in the first-day declaration of Timothy Pohl (who has asserted control over Plaintiff) that the lenders involved in the Adversary Proceeding were satisfied, as of May 2023, that the funds had not been wrongly dissipated because they were in a US-based account. (*See id.*, 18-19.) This contradicts the lenders' later claim—for strategic purposes and to use as a litigation ploy—that the initial transfer to Camshaft in 2022 was a fraudulent transfer.

- Plaintiff's constructive fraudulent claim relating to the Alpha Funds cannot survive a motion to dismiss because it is undisputed that the value of the Alpha Funds appreciated while in Camshaft's custody, which was independently assessed by Deloitte and the Apex (in addition to the fact that Camshaft acted as a "mere conduit" for those funds). (*See id.*, 18; **Exhibit H** (Deloitte report); **Exhibit I** (September 2023 Apex statement).)

II. **The Subpoena Seeks Documents That Are Not Relevant to the Parties' Claims or Defenses in the Adversary Proceeding**

As an initial matter, Camshaft has standing to raise relevance issues. In Plaintiff's own cited case, *Silverstone Holding Grp. v. Zhongtie Dacheng (Zhuhai) Inv. Mgmt. Co.*, 650 F. Supp. 3d 199 (S.D.N.Y. Jan. 12, 2023), the court held that a litigant with a protected interest "may … raise the relevance of the evidence sought by a subpoena for purposes of balancing the relevance of the information sought against the litigant's protected interest." *Id.* at 203. Like the petitioner

in Silverstone, Camshaft has a protected interest that is affected by the Subpoena. Therefore, Camshaft has standing to raise the relevance issue in the Motion.

In arguing that the Subpoena requests are relevant, Plaintiff asserts that relevance "is broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." (Opp'n, 12 (quoting *Reserve Solutions, Inc. v. Vernaglia*, 2006 WL 1788299, at *1 (S.D.N.Y. June 26, 2006).) That, however, is the <u>former</u> standard for relevance. The current standard is narrower and Plaintiff must show that the requested discovery relates to a party's "claim or defense." Fed. R. Civ. P. 26(b)(1).[3]

Applying the correct standard shows that Plaintiff has not established the relevance of the documents sought in the Subpoena's requests:

*Request Nos. 1-4, 11-13*

Plaintiff alleges that the above requests—which are extremely broad and seek, among other things, highly confidential and sensitive information regarding investors who have nothing to do with the Adversary Proceeding— are relevant to Plaintiff's allegations that the Camshaft Fund is purportedly a "sham hedge fund." (*See* Opp'n, 12-13.) Camshaft has cited unrebutted evidence showing that the Camshaft Fund is in fact a legitimate hedge fund and that Plaintiff's "sham" allegations are groundless. (*See* Van Tol Reply Decl., Ex. E, 3-4 (noting that the Camshaft Fund has been audited by Deloitte and has a valuation policy that comports with Accounting Principles Generally Accepted in the United States ("U.S. GAAP") and the Financial Accounting Standards

---

[3] In addition to *Reserve Solutions*, Plaintiff relies on the standard from two other cases that pre-date the 2015 amendment to Fed. R. Civ. P. 26(b)(1). (*See* Opp'n, 12-15 (citing cases from 1978 and 2014).) Those cases are distinguishable for the same reason. Although Camshaft cited *Reserve Solutions*, it was not for purposes of establishing the relevance standard. Instead, it is notable that the *Reserve Solutions* found the subpoena did not satisfy even the more relaxed relevance standard.

Board's Accounting Standards Codification Fair Value Measure, Topic 820).)[4] In any event, the "sham" allegations are unrelated to Plaintiff's claims for actual or constructive fraudulent transfers. In the Amended Complaint, Plaintiff lists the "badges of fraud" that allegedly support its claim for actual fraudulent transfer. (*See* Van Tol Decl., Ex. B, ¶ 135.) Notably, the allegation that Camshaft Fund is a "sham" is absent from the list of badges; thus, the allegation bears no relationship to Plaintiff's claims for relief. It is clear that Plaintiff's false allegations are nothing more than an attempt to harass and denigrate Camshaft. The above requests in the Subpoena are in furtherance of that campaign, and they needlessly (and intrusively) involve third parties.

Plaintiff also asserts that the above requests relate to Camshaft's defense that the Camshaft Fund was a "mere conduit" and, as a result, the initial transfer of the Alpha Funds is not a constructive fraudulent transfer. (Opp'n, 13.) That defense, however, is focused solely on the transfer of the Alpha Funds, while the above requests seek documents regarding investments that are wholly unrelated to the transfer of the Alpha Funds. In short, general information about Camshaft and its investors sheds no light on the initial transfer of the Alpha Funds. Moreover, with respect to the subsequent transfers, Camshaft has provided sworn interrogatory responses demonstrating that the Alpha Funds are no longer its possession, custody or control. (*See* **Exhibit K**.) Riju Ravindran has recently confirmed that the Alpha Funds are within the BYJU's group. (*See* **Exhibit L**.) Therefore, general information about Camshaft's investors is also irrelevant to subsequent transfers of the Alpha Funds.

Finally, Plaintiff contends that the above requests are relevant to "the value of the limited partnership interest in the Camshaft Fund that the Debtor received." (Opp'n, 13.) Camshaft has

---

[4] The Deloitte report and Camshaft's Valuation policy were submitted with the motion to dismiss and are attached to the Van Tol Reply Declaration. (*See* Van Tol Reply Decl., Ex. H and **Exhibit J**.)

already produced documents showing the value received and, even more importantly, the general information about Camshaft and its investors sought in the above requests is unrelated to the value that Plaintiff received when it invested the Alpha Funds in the Camshaft Fund.

*Request Nos. 5-6*

Plaintiff argues that the above requests are relevant because they are "tailored toward seeking documents concerning the key actors in the Adversary Proceeding." (Opp'n, 13.) To the contrary, those requests improperly seek documents relating to a list of entities and individuals without identifying any subject matter. The above requests are the exemplar of the kind of unlimited "fishing expedition" that the relevance standard in Rule 26(b)(1) is designed to prevent.

*Request Nos. 7-10*

Plaintiff's justification for the above requests is that the Delaware Bankruptcy Court previously overruled Camshaft's relevance objections to similar requests. (*See* Opp'n, 13-14.) Those requests, however, are the subject of a contempt order by the Delaware Bankruptcy Court (the "Contempt Order"). Camshaft has appealed from the Contempt Order, and is currently seeking a stay from the U.S. District Court for the District of Delaware (the "Delaware District Court"). The relevance of the underlying document requests in the Adversary Proceeding will be an issue on appeal, and any ruling by this Court on the relevance of similar requests would intrude on the province of the Delaware District Court that is hearing Camshaft's appeal and considering the motion for a stay. Indeed, Plaintiff even admits in the Opposition that the requests in the Subpoena are intended to obtain information that it has not obtained in the Adversary Proceeding. (*See* Opp'n, 6-8.) This Court should not allow Plaintiff to use the above requests to circumvent the process in the Delaware proceedings and undermine Camshaft's appellate rights.

7

\\4152-3896-4047  v4

### III. The Documents Sought in the Subpoena Are Facially Confidential

Plaintiff argues that Camshaft has not established the confidentiality of documents sought in the Subpoena's requests. (*See* Opp'n at 9-11.) That is not the case. The majority of the requests seek financial records and proprietary information, including highly sensitive information relating to the investments by the Camshaft Fund's limited partners. Such information is inherently confidential (in addition to being irrelevant).

Indeed, in one of the authorities that Plaintiff cites, *Silverstone*, the court accepted the movant's argument that "bank records, by their very nature, carry a privacy interest" and stated that "courts in this district have repeatedly found that parties 'whose banking records are subpoenaed[ ] have a privacy interest in their personal financial affairs.'" 650 F. Supp. 3d at 203 (quoting *Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.*, 2014 WL 5420225, at *4 (S.D.N.Y. Oct. 24, 2014) (citing *Arias-Zeballos v. Tan*, 2007 WL 210112, at *1 (S.D.N.Y. Jan. 25, 2007))) (alterations in original). Plaintiff tries to distinguish *Arias-Zeballos* on the grounds that the court there ultimately quashed the subpoena for relevancy reasons (Opp'n 10 n.5), but that does not change the fact that the *Arias-Zeballos* court cited <u>seven</u> cases from this Circuit holding that there is a privacy interest in banking records and financial affairs. Two of the seven cases cited by *Arias-Zeballos* are *Reserve Solutions* and *Trump v. Hyatt Corp.*, 1994 WL 168021 (S.D.N.Y. Apr. 29, 1994*), abrogated on other grounds*, *Hertz Corp. v. Friend*, 599 U.S. 77 (2016), both of which Camshaft cited in the Motion. (*See* Mot., 6.)[5] In the Motion, Camshaft also relied on *Solow v. Conseco, Inc.*, 2008 WL 190340 (S.D.N.Y. Jan. 18, 2008), where the court held as follows:

---

[5] Plaintiff inexplicably claims that the subpoena in *Reserve Solutions* was not quashed on confidentiality grounds (Opp'n, 10 n.5), but that misstates the case. *Reserve Solutions* expressly stated: "The Court finds that Reserve Solutions's 1) subpoena is overly broad; <u>and</u> 2) rights to subpoena the financial records is outweighed by intrusions into Vernaglia's privacy interests." 2006 WL 1788299 at *2

8

> The subpoena at issue here seeks information relating to the terms of all financing, refinancing, loans and debt obligations that Macklowe has incurred with respect to the GM Building. This proprietary information, which is often contained in bank records, is not publicly available, and Macklowe clearly has a privacy interest in maintaining the confidentiality of the information.

*Id.* at *3. *Solow* is directly on point, but Plaintiff ignored it in the Opposition.

Plaintiff also disregards the fact that this case involves more than financial information. Camshaft developed a novel structure for the Alpha Funds transactions, which it has replicated elsewhere. This structure is a trade secret that is protected by agreements with counterparties.

Plaintiff incorrectly argues that Camshaft's "entire argument" is based on a confidentiality clause in the agreement with Apex, which, Plaintiff argues, cannot by itself preclude disclosure. (Opp'n, 11.) While the negotiated and enforceable confidentiality clause between Camshaft and Apex provides additional evidence that the information is private and confidential, Camshaft is also relying on the above case law establishing the information's confidentiality.

Finally, Plaintiff claims that any confidentiality concerns can be addressed through the protective order in the Adversary Proceeding. (*See id.*, 11-12.) But Plaintiff's cases on this point are distinguishable because they do not involve similarly sensitive information nor the same type of the relevance concerns that are present here. For example, in *In re Accent Delight Int'l Ltd.*, 791 Fed. App'x 247 (2d Cir. 2019), the discovery requests arose in the context of an application under 28 U.S.C. § 1782 and the district court carved back the requests to deal with any relevance issues. *See id.* at 252. In *Oasis Med., Inc. v. I-Med Pharma USA Inc.*, 2023 WL 6301728 (S.D.N.Y. Sept. 1, 2023), the court referred to the protective order only after finding that the movant had not provided the court with sufficient information "to evaluate either the relevance of

---

(emphasis added); *see also id.* (holding that "[c]ompliance with the subpoena will infringe on Vernaglia's privacy rights").

\\4152-3896-4047  v4

the documents sought to the California Action or the strength of Biocia's asserted privacy interest."

*Id.* at *12.[6]  Here, by contrast, Camshaft has shown both a lack of relevance and a strong privacy interest.

## CONCLUSION

For the reasons discussed above and in the Motion, Camshaft respectfully requests that the Court quash the Subpoena.

Dated: April 19, 2024
New York, New York

Respectfully submitted,

*/s/ Pieter Van Tol*
**HOGAN LOVELLS US LLP**
390 Madison Avenue
New York, NY 10017
Phone: (212) 909-0661
Fax: (212) 918-3100
Pieter Van Tol
Elizabeth Carter
Arthur Herskowitz
pieter.vantol@hoganlovells.com
elizabeth.carter@hoganlovells.com
arthur.herskowitz@hoganlovells.com

*Attorneys for Camshaft*

---

[6]   In Plaintiff's other case, the court similarly referred to the protective order after finding that there were no legitimate relevance objections.  *See In re Currency Conversion Fee Antitrust Litig.*, 2004 WL 848171, at *1 (S.D.N.Y. Apr. 21, 2004).

10

\\4152-3896-4047  v4