

Hogan Lovells US LLP
390 Madison Avenue
New York, NY 10017
T  +1 212 918 3000
F  +1 212 918 3100
www.hoganlovells.com

April 19, 2024

**Via ECF**

Honorable Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, NY 10007

Re:   *Camshaft Capital Fund LP et al. v. BYJU's Alpha, Inc.*, 24-mc-00171-ALC

Dear Judge Carter:

This firm represents the Applicants/Defendants ("Camshaft") in the above miscellaneous case, which involves a motion to quash a subpoena issued out of the United States Bankruptcy Court for the District of Delaware and served in this District on the New York, New York office of Apex Fund Services (Indiana), Inc. ("Apex") by Respondents/Plaintiff BYJU's Alpha, Inc. ("Plaintiff").  We will refer to that subpoena as the "New York Subpoena."

As the Court is aware, Plaintiff served two subpoenas on Apex entities in Indiana (the "Indiana Subpoenas") that are identical to the New York Subpoena, and the parties have submitted filings in the United States Bankruptcy Court for the District of Indiana, 24-56003 (the "Indiana Action") in connection with the Indiana Subpoenas.  In its brief in opposition to the motion to quash in the Indiana Action, Plaintiff claims that the Indiana Subpoenas properly compelled compliance in New York, New York because Apex "regularly transacts business" there.  (*See* Indiana Action, Dkt. 13, 9.)  Thus, Plaintiff has conceded that it should have served only the New York Subpoena and, as a result, the Indiana Subpoenas are superfluous.

Under the circumstances, Camshaft would not object if this Court determines the issues that Camshaft has raised by ruling on the motion to quash the New York Subpoena in this case (which is the first-filed action) rather than having two courts decide the same issues and run the risk of inconsistent rulings.  Such an approach would be consistent with the "first-filed" rule. *See, e.g.*, *AEP Energy Services Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 722 (2d Cir. 2010) ("[W]e have held that 'where there are two competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second.'") (quoting *First City Nat'l Bank & Trust Co. v. Simmon*s, 878 F.2d 76, 79 (2d Cir. 1989)).  We will similarly inform the Indiana Bankruptcy Court, in our reply brief due today, that we do not object to having that court defer to this Court.

\\4150-1136-2639  v1

Respectfully submitted,

*/s/ Pieter Van Tol*

Pieter Van Tol

cc: Counsel of record (by ECF)